IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN LAVON FRIEND,           )
                                 )
            Petitioner,          )
                                 )
      v.                         )    1:15CV231
                                 )
WILLIAM T. SCHATZMAN,            )
                                 )
            Respondent.          )

### MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with the $5.00 filing fee. For the reasons that follow, the Court should dismiss the Petition.

BACKGROUND

According to the Petition, on December 9, 2014, a jury convicted Petitioner of felony possession of cocaine in violation of N.C. Gen. Stat. § 90-95(d)(2),[1] resulting in a sentence of 8 to 19 months imprisonment. (Docket Entry 1, §§ 2, 3, 5, 6.) Petitioner filed certain motions with the North Carolina Court of Appeals and Supreme Court, but reports that these courts have not yet ruled on his filings. (Id., § 9.) The record does not reflect

---

[1] The Petition actually lists the statute as N.C. Gen. Stat. § 90-93(d)(2), but no subsection (d)(2) appears in § 90-93. Further, § 90-95(d)(2) covers possession of cocaine the arrest warrant that Petitioner attaches as an exhibit to his Petition references that statute.

that Petitioner then sought any further review in the state courts before bringing his Petition in this Court.[2]

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For the reasons set out below, the Petition plainly states no claim for relief.

Petitioner raises four claims for relief in the Petition: 1) he is being unlawfully held in violation of the "Peace Treaty of 1787" (Docket Entry 1, § 12 Ground One(a)); 2) his statute of conviction does not meet the requirement of the North Carolina Constitution that it contain an "enacting clause"(id. § 12, Ground Two(a)); 3) Petitioner is neither "a 14th Amendment citizen nor an Artificial Person" and the jurisdiction of the officer who arrested him did not extend to international law because the officer was an "Employee of a Private Corporation" (id. § 12, Ground Three(a)); and 4) Petitioner suffered injury because he did not have an opportunity to cross-examine the witnesses against him given that he did not hurt another person or their property and the State cannot be an injured party to a crime (id. § 12, Ground Four(a)).

---

[2] Petitioner's claims thus appear unexhausted. However, given the frivolous nature of Petitioner's claims, as discussed below, and the fact that the Court informed Petitioner in three prior cases that the same or similar claims were frivolous, see Friend v. Schatzman, No. 1:15CV175 (M.D.N.C), Friend El v. Forsyth County Detention Center, No. 1:15CV44 (M.D.N.C.), Friend El v. Perdue, No. 1:12CV405 (M.D.N.C.), the Court should address his claims rather than dismiss the case for failure to exhaust. See 28 U.S.C. § 2254(b)(2).

-2-

Attachments to the Petition indicate or allege that Petitioner is a member of the "United Washitaw de Dugdahmoundyah Mu'ur Nation" and not a United States citizen, that certain forms or capitalizations of the name "Jonathan Laron Friend" are artificial or corporate entities or straw men against whom there is no civil or criminal liability, and that Petitioner is not subject to the legal jurisdiction of federal, state, or local governments. He also repeats his contentions that the State cannot be the injured party in a crime, that the officer who arrested him, who he identifies as a member of the Winston-Salem Police Department, works for a private corporation, and that the criminal offense charged makes no mention of the enacting clause in the North Carolina Constitution. The attachments frequently cite to commercial law and statutes for support.

The Petition and attachments contain numerous logical, legal, and factual fallacies. However, the Court needs only to specifically address a few points to determine that the Petition should be dismissed under Rule 4. North Carolina, having ratified the United States Constitution in 1790, is one of the States of the United States of America. Cross v. Harrison, 57 U.S. 164, 170, 200 (1853). It is also a separate sovereign with the power to prosecute crimes in its territory. Abbate v. United States, 359 U.S. 187, 194 (1959). Possession of cocaine is a crime under the statutes of the State of North Carolina. See N.C. Gen. Stat. § 90-95. In fact, it is a felony under North Carolina law. State v. Jones, 358 N.C. 473, 598 S.E.2d 125 (2004). North Carolina relied

on this statute to prosecute and convict Petitioner and the Petition raises no colorable challenge to North Carolina's jurisdiction under this statute. Finally, officers employed by cities in North Carolina have the duty to enforce both city ordinances and state criminal laws. State v. Hord, 264 N.C. 149, 155-56, 141 S.E.2d 241, 245 (1965). Put simply, Petitioner cannot legally possess cocaine in Winston Salem, North Carolina, officers of the Winston-Salem Police Department can arrest him if he does, and he can thereafter be prosecuted and convicted by the State of North Carolina. Petitioner's citizenship, peace treaties, the lack of an injured person, the common law, and commercial law are all irrelevant and Petitioner's claims based on these matters are meritless.

## CONCLUSION

The Petition fails as a matter of law on its face.

**IT IS THEREFORE RECOMMENDED** that the Petition (Docket Entry 1 be dismissed.

This, the 24th day of March, 2015.

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**